## UNITED STATES v. ROBINSON.

(Fourth Division. Fairbanks. March 11 and 29, 1922.)

No. 831, Criminal.

**1. Criminal Law ⬤ 280(2)—Indictment—Abatement—Grand Jury—Searches and Seizures.**

Defendant was indicted for violation of the National Prohibition Act (41 Stat. 305). He filed a plea in abatement, supported by his affidavit, stating that the officers arresting him did so by virtue of a warrant of arrest, and that they thereupon searched his automobile without a search warrant. He alleged in his affidavit, upon information and belief, that the testimony of the said officers was the only testimony adduced before the grand jury on the finding of the indictment; and their information, upon which the indictment was found, being obtained by an unlawful search and seizure of his automobile, without a search warrant, was in violation of his constitutional rights, hence the plea in abatement. *Held,* the proceedings of the grand jury are required to be kept secret by law, and the defendant cannot have and does not state any facts upon which the court can legally abate the indictment. Plea denied.

**2. Criminal Law ⬤ 394—Intoxicating Liquors—Searches and Seizures.**

Having a suspicion that defendant was transporting intoxicating liquor in his automobile two deputy marshals placed an obstruction across the road, and when defendant came along at night, driving the automobile, the officers flashed searchlights upon him and commanded him to stop, advising him they were officers. The defendant did not stop until one of the officers stepped on the running board of the automobile and again commanded him to stop. He then threw out a sack of bottles and jumped from the automobile with a demijohn in his hand. Both the bottles and the demijohn were then taken into possession by the officers, who discovered they were filled with intoxicating liquor. On motion to suppress the evidence, because it was an illegal search and seizure, *held,* the disclosure of the bottles and the demijohn having been

⬤ See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

voluntarily made by the defendant, by throwing them out of the automobile, the officers then had the lawful authority to examine them, and having thereby discovered that they were filled with intoxicating liquor, the search and seizure of the receptacles filled with intoxicating liquor, and the automobile, were legal, and the motion to suppress the evidence was denied.

On the 8th day of March, 1922, the defendant was regularly indicted by the grand jury, in count 1 of the indictment for having in his possession intoxicating liquors otherwise than as authorized by title 2 of the National Prohibition Act (41 Stat. 305), to wit, for intoxicating beverage purposes, and by count 2 thereof for transporting such liquors in violation of said act. At the time set for his plea to the charge, the defendant by his counsel filed a plea in abatement setting forth that there was no competent and legal evidence submitted to the grand jury to warrant the finding of the indictment or either count thereof; that all the evidence and competent testimony submitted to the grand jury was evidence obtained by officers of the United States, as a result of an unlawful search and seizure and arrest of the defendant in violation of his constitutional rights, in this: That on the 5th day of January, 1922 (the time of the offense as alleged in the indictment), the defendant was forcibly and unlawfully arrested with a warrant by T. J. McCroskey and Ben F. Thompson, both deputy United States marshals, and the automobile which the defendant was then driving was searched and seized by said officers without a search warrant; that at said time the defendant was not committing a crime in the presence of said officers, nor had he committed any felony, nor had said officers nor either of them, any information justifying them, or either of them, in believing that a felony had been committed, and that the defendant was guilty thereof, and that said search, seizure, and arrest were unlawful; that all knowledge or evidence obtained by said officers which was submitted to, and concerning which said officers testified before, the grand jury, and upon which the indictment was founded, was obtained after and as a result of said unlawful search, seizure, and arrest, and that there was no other evidence or testimony submitted to the grand jury upon the finding of the indictment herein. Said plea is not verified and prays that the indictment be abated and dismissed on said grounds.

6 A.R.—32

To the plea is attached the affidavit of the defendant, charging in a very general way the facts from his standpoint, attending the arrest of defendant and the seizure of the automobile, but in no way admitting that any intoxicating liquors had been taken from the possession of defendant by the officers; also alleging on information and belief that the testimony of said deputy marshals was the only testimony adduced before the grand jury on the finding of the indictment.

To this plea the United States attorney filed a demurrer: (1) On the ground that the plea is not available to the defendant under the rules and practice of the district courts of Alaska, and is contrary to the provisions of chapter 9, pp. 715, 716, Compiled Laws; and (2) that said plea does not state facts sufficient to abate the indictment or to confer jurisdiction on the court to quash the same.

By agreement of counsel, the matter was argued at 'length on the merits because of its novelty in this court and the likelihood that similar proceedings would be initiated concerning other cases in like situation before the court at this term.

L. R. Gillette, Asst. U. S. Atty., of Fairbanks.
Thos. A. Marquam, of Fairbanks, for defendant.

CLEGG, District Judge. I have been very much interested and enlightened by the argument on this proposition and on, numerous substantive propositions incidental to the issue raised. But the chief feature of the present controversy before the court simmers' down to a really original and fundamental proposition.

The defendant is indicted upon two counts of an indictment, one charging unlawful possession of intoxicating liquors and the other for transporting it, and a plea in abatement has been filed, setting forth in substance that the grand jury that found the indictment did so without competent and legal evidence before it, and, generally, that the evidence submitted to the grand jury, upon which the indictment was founded, was incompetent. The plea is backed up by the affidavit of the defendant, which purports to set forth a statement of facts from his standpoint as to the acts leading up to the particular charge against him, and a further narration is made on information and belief of the defendant as to what evidence,

without stating it, according to his information and belief, the grand jury had upon which to find the indictment.

The government has demurred to this plea upon the grounds: First, that the plea is not in contemplation of our statute; and, secondly, that, if it is, it does not state facts sufficient to require the indictment to be abated, or to confer jurisdiction on the court to quash it. It is presumed that the defendant asks that the indictment be quashed and for the reasons stated in the plea.

Now, under our rules of practice, it is provided what the remedy of the defendant shall be in setting aside the indictment, first, if it is not found and returned pursuant to the statute; secondly, if the names of the witnesses are not indorsed at the foot of the indictment, in which cases a motion to set aside or quash the indictment would lie. The statute also provides what pleas are available to the defendant. These are a plea of guilty, of not guilty, and of former acquittal or conviction. I would not go so far as to hold that a plea in abatement would not be a proper plea under our statute in any event, because it is apparent that, even though the statute provides for certain pleas and certain grounds for motion to quash or set aside, circumstances might arise where the plea in abatement would be the only remedy. But the court is asked here to abate an indictment which it is conceded was otherwise legally found and returned by a grand jury of this division, because, it is contended, such finding was made upon illegal and incompetent evidence.

Our statute provides that proceedings before a grand jury shall be secret, and that no grand juror, under the law, can communicate to anybody or inform any one as to what proceedings are being taken before the grand jury; and the court will take judicial notice that the grand jury of this division, which found the indictment in this case, is still in session. A situation might arise where it would be possible, under those circumstances, that somebody might know upon what testimony the grand jury acted in finding a particular indictment; but there is nothing to show the court in this case that the defendant has any idea at all as to what he is swearing to when he says on information and belief that it was upon incompetent testimony that the grand jury acted in this case. It is true, the natural presumption might be, as to this particu-

lar case, from the other allegations in the affidavit of defendant, if true, and there might be ninety-nine chances to one, that the grand jury did act upon incompetent testimony; but the defendant does not show himself in position to know that, and does not attempt in his affidavit to set out what are the sources of his information, or what his reasons for believing that the grand jury acted on incompetent testimony in finding an indictment against him.

The court is going to lay down a rule—as it appears may be necessary from the number of cases that happen to be on record at this term with reference to alleged violations of the liquor laws—that this court is not going to abate or set aside any indictment upon the unsupported and uncorroborated affidavit of a defendant who is indicted, alleging irregularity on the part of the grand jury in the finding of an indictment against him, especially when it is alleged on information and belief, and he does not take the trouble to set out what are his sources of information, or what the reasons for his alleged belief are.,

The law presumes that, when an indictment is found and presented in court, it has been returned legally, and that, when it is filed, it is a record which imports verity, and the burden is upon the defendant to show otherwise. The presumptions of law are in favor of the regularity and validity of the indictment, under our practice, and, no matter what the decisions of courts in other jurisdictions under different statutes, it seems to me it would be highly improper and prejudicial to the due administration of law under our system to permit a defendant to impugn the validity of an indictment upon his unsupported affidavit on information and belief. No matter how I regard the issues here, I come back to that same proposition; and I think it necessary to state my position at this time for the guidance of counsel and defendants who are to come before this court in future. The court is disposed to disregard such attacks as this, upon indictments regularly found and returned into court by a grand jury legally constituted, and this understanding may prevent the files of the court being cluttered up with motions and pleas of this kind.

There may be other ways to properly present such questions as arise here before trial, but they do not occur to me at this moment. However, I deem it highly improper for the defendant to submit a plea of this kind in the way it is submitted

here, and I hold that the demurrer should be sustained to the plea in this case, and, consequently, that the defendant ought at some convenient time to enter a proper plea under the statute. , Should a case arise wherein I thought this a proper plea, which would be determined from the showing made and not left to the judgment of the defendant, I shall allow it always to be filed, so that, in case the rights of the defendant should be prejudiced, he might have the advantage of the record.

### On Motion to Suppress Evidence.

There are two indictments against the defendant, one charging him with possessing intoxicating liquor, and the other with transporting the same.

The conceded facts are that Robinson was traveling in a Ford car from Fox to the town of Fairbanks after dark on the 5th day of January, 1921; that the deputy marshal had him under serveillance for some time, on account of knowledge that he was trafficking in liquor unlawfully; and that he understood on this particular occasion that Robinson was out beyond Fox, about 13 miles from town, and the deputy got information from some person there with whom he was in communication that defendant was leaving there about 6 o'clock, after dark. Thereupon he and another deputy went out on the main road from Fox to Fairbanks to apprehend him. They put an obstruction across the road, and when the automobile, with Robinson driving it, came along, attempted to stop him; but the driver kept on until one of the deputies jumped aboard the automobile and told him to stop, saying he was a deputy marshal. Thereupon Robinson threw out a sack containing some bottles, afterwards disclosed to contain whisky, and jumped out himself, holding in his hand a demijohn, which contained moonshine whisky, or "white mule," as it is called in the indictment.

Under the admitted facts in the case it can be fairly said the officer was acting within his rights, having information which he thought at least sufficient to justify him in doing what he did. Under these facts he had the right to arrest Robinson and to make a search of the car without a warrant. If Robinson had stopped the car and asked him what he wanted, had not commenced to throw out the liquor, the circumstances might be entirely different. But he did not wait.

He began to throw the bottles with liquor out, and the officers thereby discovered the evidence. The officer did not tell him to do that, and did not even ask him if he had any in his car. The language of the statute is that, when an officer discovers any person engaged in the transportation of liquor, he may arrest the person, seize the liquor and seize the automobile. As nearly as this court can tell, the officer acted in pursuance of his instructions, and the law (section 26, title 2, of the National Prohibition Act) provides that:

"When the commissioner  *  *  *  or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law."

The word "discover," according to Webster, has a variety of meanings. It means:

"To lay open to view; to uncover; to reveal; to make known; to show; to manifest unintentionally; to exhibit; to explore; to examine; to reconnoiter; to obtain for the first time sight or knowledge of, as a thing already existing, but not perceived or known; to find out; to ascertain; to detect."

So that I think, under all these various definitions of the word "discover," it may fairly be said that the officers discovered Robinson transporting this liquor unlawfully. After they seized the automobile, it appeared there was no more liquor in it, so that what was discovered was not discovered by the acts of the deputies, but was discovered by the voluntary acts of the defendant. He displayed it himself, and there was no necessity for the officer making a search, and as a matter of fact he did not make any search; but, the defendant having disclosed what he had, the officer was warranted in arresting him and in seizing the liquor and the automobile.

For that reason the motion to suppress the evidence in this case will be denied.